UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

December 5, 2016

LETTER TO COUNSEL:

    RE: *Carl Thomas v. Carolyn W. Colvin, Acting Commissioner of Social Security*
         Civil No. TJS-15-3380

Dear Counsel:

On November 4, 2015, the Plaintiff, Carl Thomas ("Mr. Thomas"), petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 13 & 15.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. (ECF Nos. 2 & 7.) I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Mr. Thomas applied for DIB and SSI on May 15, 2012. (Tr. 143-52.) He alleged disability beginning on April 26, 2012. (*Id.*) His applications were denied initially and on reconsideration. (Tr. 115-37.) A hearing was held before an Administrative Law Judge ("ALJ") on March 28, 2014. (Tr. 24-53.) On June 2, 2014, the ALJ determined that Mr. Thomas was not disabled under the Social Security Act. (Tr. 12-20.) On September 4, 2015, the Appeals Council denied Mr. Thomas's request for review, making the ALJ's decision the final, reviewable decision of the agency. (Tr. 1-5.)

The ALJ evaluated Mr. Thomas's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Mr. Thomas was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since April 26, 2012. (Tr. 14.) At step two, the ALJ found that Mr. Thomas suffered from the severe impairments of "schizoaffective disorder and bipolar mood disorder-manic." (*Id.*) At step three, the ALJ found that Mr. Thomas's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 15.) The ALJ determined that Mr. Thomas had the RFC

to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple and routine tasks, occasional decision-making and judgment, few if any changes in the work setting, and only occasional interaction with co-workers, supervisors and the general public.

(Tr. 16-18.)

At step four, the ALJ determined that Mr. Thomas was capable of performing past relevant work as a cleaner and material handler. (Tr. 18-19.) Therefore, the ALJ found that Mr. Thomas was not disabled under the Social Security Act. (Tr. 20.)

Mr. Thomas raises two arguments on appeal. First, he argues that the ALJ did not properly assess his RFC. Second, he argues that the ALJ improperly determined that he could perform past relevant work. For the reasons set forth below, I find that the ALJ's RFC determination is flawed and will remand the case for further proceedings.

Mr. Thomas argues that the ALJ's RFC determination is improperly reasoned, inadequately explained, and unsupported by substantial evidence. In support of this argument, Mr. Thomas relies on *Mascio*, 780 F.3d 632. In *Mascio*, the court held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* Where an ALJ finds that a claimant has limitations in concentration, persistence, and pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.*

In this case, the ALJ discussed Mr. Thomas's limitations in concentration, persistence, and pace in her step two analysis. (Tr. 15-16.) The ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." (*Id.*) This finding was based on Mr. Thomas's difficulties "with memory, completing tasks, concentration, understanding, and following instructions." (*Id.*) Mr. Thomas reported that he could only "pay attention for approximately five minutes" and a consultative examiner found that he had "difficulty with concentration and memory." (*Id.*) Although the ALJ noted that some treatment notes "reflect[ed] good concentration and memory," she still found that the evidence supported "moderate limitation in concentration, persistence, and pace."[1] (*Id.*)

---

[1] Although the Court will not reweigh the evidence considered by the ALJ, the Court also does not want to understate the extent of Mr. Thomas's problems. He faces serious challenges. For example, the ALJ notes that Mr. Thomas stopped working as a cleaner because he thought he was in a movie. (Tr. 17.) When confronted by security officers, he grabbed an officer's gun. (*Id.*) Mr. Thomas "hears voices daily and hallucinates." (*Id.*) He does not watch television or listen to the radio because he believes the equipment is "reading his mind or attempting to communicate with him." (*Id.*) He believes helicopters are following him and that the license plates on cars send messages to him. (*Id.*)

The ALJ's RFC determination does not account for these moderate limitations. Although it limits Mr. Thomas to performing "simple and routine tasks," this limitation does not account for his moderate limitations in concentration, persistence, and pace. *See Mascio*, 780 F.3d at 638. If, for example, Mr. Thomas can only "pay attention for approximately five minutes"—a statement that the ALJ implicitly found to be credible—a limitation that he only be required to perform "simple and routine tasks" would be insufficient to accommodate this limitation. Mr. Thomas might be able to perform simple and routine tasks for five minutes, but unable to sustain his performance beyond that. For this reason, based on the record the Court is unable to find that the ALJ's RFC determination is an accurate characterization of Mr. Thomas's ability to do sustained work-related physical and mental activities in a work setting on a *regular and continuing basis*. SSR 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996).

The Commissioner argues that this case is distinguishable from *Mascio* because "the ALJ did not simply limit Mr. Thomas to unskilled work or simple, routine tasks, but included additional limitations." (ECF No. 15-1 at 12.) It is not clear in this case, however, how the other limitations in the RFC address Mr. Thomas's moderate difficulties in concentration, persistence, and pace. The Commissioner cites two cases from this Court where other judges have found that "even a limitation to just 'simple, routine, repetitive work tasks' suffices under *Mascio*" so long as the ALJ provides a clear explanation that additional limitations are not warranted. (*Id.*) In *Dean v. Comm'r, Social Sec. Admin*, No. SAG-14-1127, 2015 WL 1431548, *1-2 (D. Md. Mar. 26, 2016), Judge Gallagher held that an "ALJ provided a clear explanation of the reason for assessing a moderate limitation in the first place, and then a clear explanation of why, despite that moderate limitation, the claimant would not have issues persisting in a given task." *Claiborne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1918, 2015 WL 2062184, at *3 (D. Md. May 1, 2015) (distinguishing *Dean*). But the Court's analysis in *Dean* is distinguishable from this case for the same reasons that it was in *Claiborne*. *See also Miles v. Comm'r*, No. SAG-16-1397, 2016 WL 6901985, at *2 (D. Md. Nov. 23, 2016) (finding that because there was no "corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace, such that it addresses [the claimant's] ability to sustain work throughout an eight-hour workday," the Court was "unable to ascertain from the ALJ's decision the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace.")

The ALJ's written decision is insufficient to permit adequate review with respect to Mr. Thomas's moderate difficulties in concentration, persistence, and pace. It is not clear whether the ALJ neglected to incorporate these difficulties into her RFC determination, or whether she intended to incorporate those difficulties with the restrictions on decision-making, judgment and interaction with others. Perhaps the ALJ found that Mr. Thomas's difficulties in the areas of concentration, persistence, and pace would be adequately addressed if he did not have to exercise discretion in his work, or regularly interact with others. But if this is the case, it is not explained in the decision. For these reasons, the Court is unable to determine whether the ALJ's RFC takes into account all of Mr. Thomas's limitations, and is thereby an accurate description of the work that he is able to do on a regular and continuing basis. The Court makes no finding as to the merits of the ALJ's ultimate conclusion that Mr. Thomas is not disabled.

Mr. Thomas's second argument is that the ALJ's finding that he was able to perform past

relevant work as a cleaner and material handler is not supported by substantial evidence. This argument is largely premised on Mr. Thomas's contention that the RFC finding was inadequate. Because the Court is remanding this case based on the inadequacy of the ALJ's analysis related to RFC, it is not necessary for the Court to address Mr. Thomas's second argument.

      For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 13 & 15) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge